Keller, Appellee, v. Citizens Discount Corp., Appellant.*

(No. 8298—Decided June 24, 1957.)

*Mr. Bernard J. Gilday, Jr.,* for appellee.
*Mr. Milton D. Tobin,* for appellant.

*Per Curiam.* This litigation involves an exchange of real estate located in Cincinnati, together with $11,000 "boot money" to balance the value placed thereon by the respective owners. The contract was executed on April 7, 1954. The negotiations between the parties were carried on through a mutual agent, and each principal paid a commission.

This action was filed on April 18, 1955, alleging that the defendant was guilty of fraudulent representations relating to the property at 806 Main Street, one of the two pieces which the defendant exchanged for the plaintiff's real estate. To equalize the values, the defendant also paid $11,000 to the plaintiff. There was no claim of misrepresentation as to the other piece of property.

The alleged fraudulent representation was that the first

---
*Motion to certify the record overruled, November 6, 1957.

floor of 806 Main Street was rented at the time for $220 per month and the second floor was rented for $100 per month.

The defendant denied having made any false representation.

An examination of this record shows that the first floor of 806 Main Street was in fact rented to and occupied by Wilson of Cincinnati, Inc., at the time this transaction took place and for perhaps two months thereafter. It is not alleged that there was any representation as to the extent or duration of the rental of either the first or second floor. The most that was represented was a tenancy from month to month, terminable at the will of either party. Therefore, there was no proof of the falsity of the statement.

As to the representation that the second floor was rented for $100 per month, the plaintiff's own testimony disproves the allegation.

The plaintiff was asked the following question concerning statements made to him by Mr. Mathews, president of the defendant corporation, to which he gave the following answers:

"Q. Now at that particular time, Mr. Keller, did you raise any objection to the fact that the second floor was empty? A. No, sir. He said he had tossed them out."

"Q. But he didn't say it was rented? A. No, sir. He said he had tossed them out."

The foregoing related to the meeting at the time the transaction was closed by the delivery of the deeds, the payment of the "boot money," the proration of rent of the first floor, and the settlement with the real estate broker for effecting the transfers.

It is clear that the plaintiff knew that the second floor was unoccupied before the transaction was closed. There was no proration of rent of the second floor, which indicates that there was no rent to prorate. The reason was that the second floor was not rented, and, therefore, there was no rent to prorate. There was no false representation in that respect. The representation was just to the contrary.

Assuming that their mutual agent had previously represented that the second floor was rented, the plaintiff had no right to rely upon it after defendant had informed him to the

contrary. We find this statement of the law on this subject in 19 Ohio Jurisprudence, 458, Section 177:

"By the better reason, if not by the weight of authority, the performance of an executory contract after knowledge of facts making it voidable on the ground of fraud in its procurement is a waiver of any right of action for damages for the fraud."

See, *Baltimore & Ohio Rd. Co.* v. *Jolly Bros. & Co.*, 71 Ohio St., 92, 72 N. E., 888, and 24 American Jurisprudence, 45, Section 216.

For these reasons, we conclude that the court erred in overruling the motions for an instructed verdict at the close of the plaintiff's evidence and at the close of all the evidence and in entering judgment for the plaintiff on the verdict.

The judgment is, therefore, reversed, and the cause remanded to the trial court with instructions to enter judgment for the defendant.

*Judgment reversed.*

HILDEBRANT, P. J., MATTHEWS and LONG, JJ., concur.